Grace Jun (SBN 287973)
grace@gracejunlaw.com
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel: (310) 709-4012

John Fattahi (SBN 247625)
jfattahi@gmail.com
LAW OFFICE OF JOHN FATTAHI
21250 Hawthorne Blvd, Suite 500
Torrance, CA 90503
Tel: (424) 999-5579

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ABDUL KAMARA by and through its successor in interest FREDRIKA NABBIE, and FREDRIKA NABBIE, in her own right,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; ALEJANDRO AGUILERA, in his individual capacity; TYLER PHILLIPS, in his individual capacity; CHRISTOPHER ABERLE, in his individual capacity; CARLOS HEARD, in his individual capacity; TRAVIS KAAPKE, in his individual capacity; DERRICK JONES, in his | Case No. 25cv0226 AJB VET<br><br>**PLAINTIFFS' REQUEST FOR ISSUANCE OF SCHEDULING ORDER, OR, IN THE ALTERNATIVE, REQUEST FOR STATUS CONFERENCE**<br><br>*The Hon. Valerie E. Torres* |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | individual capacity; KLAYTON LIEKKIO, in his individual capacity; CITY OF VISTA; SHANE APPLEGATE, in his individual capacity; VINCENT COREY, in his individual capacity; JACOB HAPROFF, in his individual capacity; BRYON LAMORANDIER, in his individual capacity; and DOES 1-10 and 15-50,<br><br>                    Defendants. |

Plaintiffs the Estate of Abdul Kamara and Fredrika Nabbie bring this motion for issuance of a scheduling order pursuant to Fed. R. Civ. P. 16(b). All Defendants oppose issuance of a Rule 16(b) scheduling order at this juncture.

This is a case under 42 U.S.C. § 1983 related to the death of Abdul Kamara. On March 3, 2024, Mr. Kamara died after being placed in a WRAP restraint device while in the sallyport of the Vista Detention Facility. Sheriff's Department deputies initially arrested Mr. Kamara for being under the influence after finding him crawling through the parking lot of a gas station in Cardiff. Mr. Kamara did not have a shirt, had no shoes, and wore a hospital wristband. He had eloped from the emergency department of Scripps Encinitas one hour before his arrest in that gas station parking lot. The Sheriff's Department deputies who arrested Mr. Kamara were aware that Mr. Kamara was the same patient who had eloped from the hospital. Deputies were told by hospital personnel to return Mr. Kamara to the hospital for a medical hold if officers found

him. Instead, Mr. Kamara died in the custody of law enforcement officers.

Plaintiffs seek issuance of a scheduling order because this case is ripe for discovery. Federal Rule of Civil Procedure 16(b)(2) provides that the "judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Both the County of San Diego and City of Vista were served with the First Amended Complaint on April 30, 2025. *See* dkts. 5 and 6. Ninety (90) days later is July 29, 2025.

In the Southern District of California, "[t]he timing of the Federal Rule 16(b) scheduling order is adjusted to accommodate the Early Neutral Evaluation Conference, as allowed under Fed. R. Civ. P. 1." Civil Local Rule 16.1(a). In this district, "[t]o preserve the integrity of the Early Neutral Evaluation Conference, Local Rule 16.1 was amended to state good cause to delay these dates when the early settlement process is underway." Hon. Anthony J. Battaglia, *Disclosure and Discovery Manual Under Federal Rules of Civil Procedure*, 2024 ed., at 165 n.42.

Here, the Court has not yet set a date for the Early Neutral Evaluation (ENE) Conference. There is currently a motion to dismiss by the County of San Diego and its individual deputy-defendants pending before the district judge. *See* dkt. 22. Although the motion is set for a hearing date of August 14, 2025, it is unclear when the motion will be decided. The remaining defendants in this case (City of Vista, Vista Fire Department employees Vincent Corey, Jacob Haproof, Bryon Lamorandier, and Shane Applegate, and CHP officer Klayton Liekkio) have all filed answers to the First Amended Complaint. The motion to

dismiss by the County of San Diego defendants only challenges the fourth cause of action (the *Monell* municipal liability claim against the County) and the fifth cause of action (alleging violations of California's Bane Act by the individual Sheriff's Department deputies). The County of San Diego Defendants have not sought to dismiss the remaining six causes of action, including the § 1983 claim of deliberate indifference to Mr. Kamara's serious medical needs and the claim of excessive force. *See* dkt. 22.

Plaintiffs respectfully submit that a scheduling order should be issued in accordance with the timelines of Fed. R. Civ. P. 16(b)(2) due to the circumstances of this case. As the Ninth Circuit has repeatedly observed, section 1983 cases resulting in the death of the plaintiff raise unique evidentiary challenges. "Deadly force cases pose a particularly difficult problem . . . because the officer defendant is often the only surviving eyewitness." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). "Because the person most likely to rebut the officers' version of events— the one killed—can't testify, 'the judge must carefully examine all the evidence in the record to determine whether the officer's story is internally consistent and consistent with other known facts.'" *Cruz v. City of Anaheim*, 765 F.3d 1076, 1079 (9th Cir. 2014) (internal citations and alterations in the original omitted).

Plaintiffs' primary witness, Abdul Kamara, is dead. They do not have any discovery. Thus, Plaintiffs are not in a position to intelligently or meaningfully discuss resolution of this case at an ENE. *See* Declaration of Grace Jun ("Jun Decl.") at ¶¶ 3, 11-14. Counsel for Defendants in this case have extended numerous professional courtesies to Plaintiffs by graciously agreeing to produce limited early discovery. Jun Decl. ¶¶ 7-9. Plaintiffs are genuinely appreciative of counsel's efforts

and do not mean to impugn their efforts by bringing this motion. *Id.* ¶ 10.

Plaintiffs, however, require additional discovery in this case to understand the events leading up to Mr. Kamara's death. *See id.* ¶¶ 11-14. For example, the San Diego Police Department (SDPD) conducted the homicide investigation of Mr. Kamara's death and collected statements from the deputies involved as well as percipient witnesses. *Id.* ¶ 12. There is surveillance video from Scripps Hospital and the gas station related to Mr. Kamara. *Id.* The Carlsbad Police Department also has relevant video of Mr. Kamara before officers transferred him to Scripps Hospital. *Id.* ¶ 13. Plaintiffs will need to review such discovery before meaningfully and intelligently discussing resolution of this case. Moreover, discovery will be necessary to allow Plaintiffs to assess the specific liability, if any, of each individual defendant. Defense counsel have expressed that a subpoena to SDPD should only issue after discovery begins. *See id.* ¶ 11.

Finally, Plaintiffs are concerned that delays in initiation of discovery will lead to the loss of evidence as memories fade or third-party witnesses relocate or become difficult to find. As noted above, this case involves the observation and testimony of third-party witnesses. It has been over one year since Mr. Kamara passed away. Plaintiffs wish to preserve the testimony and accounts of third-party witnesses to the extent possible.

Plaintiffs recognize the importance of the ENE process in the Southern District of California's management of its caseload. Plaintiffs are further aware of the desire to minimize cost and fees in the event that an early resolution can be achieved. Therefore, in the alternative, if the Court believes a discussion would be fruitful, Plaintiffs respectfully

request a status conference with the Court and all counsel to discuss issuance of a scheduling order. *See* Civil Local Rule 16.1(c)(1) ("At any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judge in the case to hold an ENE conference, discovery conference or status/case management conference.").

Respectfully submitted,

DATED:  July 16, 2025          GRACE JUN
                               LAW OFFICE OF JOHN FATTAHI


                               By _____/s/ Grace Jun_____
                                  Grace Jun
                                  Attorneys for Plaintiffs