UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ABDUL KAMARA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>Defendants. | Case No.: 25-cv-0226-AJB-VET<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR EXTENSION OF TIME FOR PLAINTIFFS TO FILE AN AMENDED COMPLAINT; and**<br><br>**(2) DENYING JOINT MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**(Doc. Nos. 57, 59)** |

Before the Court are two motions: (1) the parties' joint motion to file an amended complaint (Doc. No. 57), and (2) Plaintiffs' *ex parte* motion to extend their deadline to file an amended complaint (Doc. No. 59). The Court first addresses the *ex parte* motion and then turns to the request to file an amended complaint.

**I. *Ex Parte* Motion To Extend Deadline To File An Amended Complaint**

Plaintiffs' *ex parte* motion seeks to extend their deadline to file an amended complaint. (Doc. No. 59.) Plaintiffs' current deadline to join other parties or to file an amended complaint is July 27, 2026. (*See* Doc. No. 50.) They seek to extend that deadline

to August 17, 2026. (Doc. No. 59.) As grounds for the extension, Plaintiffs provide that Defendant County of San Diego's discovery responses are currently due on July 31, 2026, and Defendant City of Vista ("Vista") provided its discovery responses on July 20, 2026. (*Id.* at 2.) Plaintiffs state that they "may wish to supplement the factual allegations of an amended complaint depending on the discovery responses." (*Id.*) Thus, Plaintiffs request a three-week extension of time to file an amended complaint. (*Id.*)

Vista opposes the request. (Doc. No. 60.) Though styled as an opposition to Plaintiffs' request for an extension, Vista's opposition challenges Plaintiffs' request to amend the complaint—not their request to extend the deadline to do so. (*See id.*) Vista argues that it "does not object to plaintiffs further amending their complaint regarding claims against the County defendants to which the County has agreed." (*Id.* at 2.) However, Vista objects to Plaintiffs "amending their pleadings to add facts or allegations against Vista . . . ." (*Id.*)

A Scheduling Order may be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The concept of good cause requires courts to consider (1) the reasons for the failure to comply with the Scheduling Order; (2) prejudice to the parties; and (3) diligence of the parties in seeking to timely amend the Scheduling Order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 952-53 (9th Cir. 2006).

Having reviewed the request, the Court finds good cause to amend the scheduling order. Plaintiffs seek a modest three-week extension, which will not affect other scheduling order dates and deadlines. Thus, Defendants will not be prejudiced by the extension. Additionally, it appears Plaintiffs have been diligent in propounding and reviewing discovery requests. Based on the foregoing, the motion to extend the deadline for which Plaintiffs may file a motion to join other parties, to amend the pleadings, or to file additional pleadings is **GRANTED**. (Doc. No. 59.) Any such motion must be filed by no later than **August 17, 2026**.

## II. Motion for Leave to File an Amended Complaint

The Court now turns to the joint motion to file an amended complaint. (Doc. No. 57.) The Court **DENIES** the request as premature.

Plaintiffs state that they intend to "amend their operative First Amended Complaint to name two individual Defendants in place of Does, and to clarify and expand on their allegations." (*Id.*) However, to "avoid potential successive amendments and to promote economy," Plaintiffs ask the Court to grant leave to amend now, while permitting Plaintiffs to file their proposed Second Amended Complaint no later than the operative deadline to join parties or amend the pleadings—i.e. August 17, 2026. (*Id.*) Thus, the proposed Second Amended Complaint attached to the joint motion (Ex. A), may not be the final version of the complaint which Plaintiffs will ultimately seek to file. Accordingly, the Court **DENIES <u>without prejudice</u>** the motion for leave to file an amended complaint. Plaintiffs may file a subsequent motion for leave to amend, within the time permitted by this Order, once Plaintiffs have finalized a proposed Second Amended Complaint.[1] Vista may reassert its substantive objections to the potential amendment at that time.

## III. Conclusion

For the reasons stated herein, the Court **ORDERS** as follows:

1. The *ex parte* motion to amend the scheduling order is **GRANTED**.[2] Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by no later than **<u>August 17, 2026</u>**.

---

[1] Pursuant to the Civil Local Rules, "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, ***<u>and</u>*** (2) a version of the proposed amended pleading that shows - through redlining, underlining, strikeouts, or other similarly effective typographic methods - how the proposed amended pleading differs from the operative pleading." CivLR 15.1.b.

[2] Future failure to fully comply with the undersigned's Civil Case Procedures, may be grounds for denial of the requested relief. *See* J. Battaglia Civ. Case Proc. § IV.B ("Requests to continue or reschedule a conference, hearing, briefing schedule, or other date or deadline must be made by a motion filed no less than 7 days prior to the date the parties seek to change . . . . Requests made fewer than 7 days prior to the date the party seeks to change must address excusable neglect for the request's untimeliness."

2. The joint motion for leave to file an amended complaint is **DENIED without prejudice**. Plaintiffs may file a motion for leave to amend, within the time permitted by this Order, once Plaintiffs have a finalized proposed Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Hon. Anthony J. Battaglia
United States District Judge